

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00371-CR

LANCE DOUGLAS WHITENER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6892, Honorable Stuart Messer, Presiding

April 9, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Lance Douglas Whitener, pleaded guilty to charges of possession of a controlled substance with the intent to deliver. The trial court deferred the adjudication of his guilt and placed him on community supervision for two years. There were conditions to his community supervision. One required him to refrain from committing any offense against the laws of this State, and other States, the United States, or any governmental entity. Believing appellant violated that condition, the State moved to adjudicate his guilt. After hearing evidence on the State's motion, the trial court found that appellant violated

the condition, adjudicated him guilty of the aforementioned crime, and sentenced appellant to 35 years imprisonment. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108. Appellant timely appealed, and his court-appointed counsel filed an *Anders* brief in support of her conclusion that there were no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We affirm the trial court's judgment.

Pursuant to *Anders*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this court, stating that her review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (stating that "[i]n Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities"); *see also Davis v. State*, 683 S.W.3d 828, 829–30 (Tex. App.—Amarillo 2023, no pet.). Appellant's counsel also represented that she: 1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; 2) provided appellant with copies of both pleadings; 3) informed appellant of his rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and 4) provided appellant with the appellate record. By letter, the court notified appellant of his right to file a response to counsel's motion and brief by March 26, 2025, if he wished to do so. To date, no response has been received.

We conducted our own independent review of the record to determine the presence of arguable issues and found none. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, we affirm the trial court's judgment and grant counsel's motion to withdraw.[1]

Brian Quinn
Chief Justice

Do not publish.

---

[1] Within five days from the date of this court's opinion, counsel is ordered to send a copy of this opinion and this court's judgment to appellant and to advise him of his right to file a petition for discretionary review. *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35.